1  Harold R. Jones (State Bar No. 209266)
   Ariel P. Kahn (State Bar No. 351364)
2  JACKSON LEWIS P.C.
   50 California Street, 9th Floor
3  San Francisco, California 94111-4615
   Telephone:  (415) 394-9400
4  Facsimile:  (415) 394-9401
   E-mail:  Harold.Jones@jacksonlewis.com
5  E-mail:  Ariel.Kahn@jacksonlewis.com

6  Attorneys for Defendant
   TRACTOR SUPPLY COMPANY

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11
   DONNA MEKALA,                        Case No. _____
12
                 Plaintiff,             **DEFENDANT TRACTOR SUPPLY**
13                                       **COMPANY'S NOTICE OF REMOVAL**
          v.                             **OF ACTION TO THE UNITED**
14                                       **STATES DISTRICT COURT FOR THE**
   TRACTOR SUPPLY CO.; and DOE          **EASTERN DISTRICT OF**
15 Defendants 1 through 25,             **CALIFORNIA PURSUANT TO 28**
                                         **U.S.C. §§ 1332, 1441, AND 1446**
16               Defendants.

17

18

19 **TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

20 **THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF DONNA MEKALA AND TO**

21 **HER ATTORNEYS OF RECORD:**

22        PLEASE   TAKE   NOTICE  that  Defendant  TRACTOR  SUPPLY  COMPANY

23 ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332

24 and 1441 to remove this action from the Superior Court of California, in and for the County of

25 Solano, on the grounds that there is diversity of citizenship between Plaintiff DONNA MEKALA

26 ("Plaintiff"), a citizen of the state of California, and Defendant, which is a citizen of the State of

27 State of Tennessee; that the amount in controversy exceeds the jurisdictional minimum of

28 $75,000 set forth in 28 U.S.C. § 1332(a); and that the foregoing facts were true at the time of

                                          1        Case No.

the Complaint's filing and remain true as of the date of filing this Notice of Removal. In support thereof, Defendant asserts the following:

**DIVERSITY JURISDICTION**

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1441. This case may be removed by Defendant pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**TIMELINESS OF REMOVAL**

On February 14, 2025, Plaintiff filed a Complaint against Defendant in the Superior Court of the State of California, in and for the County of Solano, entitled *Donna Mekala v. Tractor Supply Company; and DOES 1 through 25,* (Case No. CU25-01637) ("The State Action").

In the Complaint, Plaintiff alleges the following causes of action: (1) harassment on the basis of sex – California Government Code § 12940 *et seq.*; (2) retaliation in violation of FEHA – California Government Code § 12940 *et seq.*; (3) retaliation in violation of Labor Code section 1102.5; (4) wrongful termination in violation of public policy; and (5) declaratory and injunctive relief under California Code of Civil Procedure § 1060, California Government Code §§ 12920 and 12920 *et seq.* Plaintiff served Defendant with the Summons, Complaint, and Civil Case Coversheet on February 26, 2025.  On March 27, 2025, Defendant filed its Answer in the State Action.  True and correct copies of the Summons, Complaint, and Defendant's Answer are attached as **Exhibit 1.**

As of the date of this Notice of Removal, **Exhibit 1** constitutes all the pleadings and papers received and/or filed by Defendant, and/or currently on file, in this matter.

This removal is timely because it is filed within thirty (30) days after the service of a copy of Plaintiff's Summons and Complaint, and it thus falls within the time-period mandated by 28 U.S.C. § 1446(b).

///

///

///

1

## VENUE IS PROPER

2    While Defendant reserves the right to file a motion to transfer venue to one most

3    appropriate and convenient for the parties, Defendant alleges that, for purposes of this removal,

4    venue is proper in the United States District Court for the Eastern District of California pursuant

5    to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which

6    the district courts of the United States have original jurisdiction, may be removed by the

7    defendant or defendants, to the district court of the United States for the district and division

8    embracing the place where such action is pending." As stated above, Plaintiff brought this action

9    in the Superior Court of the State of California in and for the County of Solano. Thus, for removal

10   purposes, venue properly lies in the United States District Court for the Eastern District of

11   California under 28 U.S.C. §§ 84(a), 1391(a), and 1441(a).

12

## DIVERSITY OF CITIZENSHIP

13   This action is a civil action over which this Court has original jurisdiction under 28 U.S.C.

14   § 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions

15   28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states.

16   Plaintiff is a citizen of California. To establish citizenship for diversity purposes, a natural

17   person must be a citizen of the United States and domiciled in a particular state. *Kantor v.*

18   *Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the

19   places where they reside with the intent to remain or to which they intend to return. *Kanter v.*

20   *Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). In the Complaint, Plaintiff alleges she

21   is and has been a resident of the State of California at all relevant times. *See* **Exhibit 1**,

22   Compl., ¶ 1.

23   Defendant is not, and was not at the time Plaintiff filed the Complaint, a citizen of the

24   State of California. For diversity purposes, a "corporation is a citizen of the state(s) where it is

25   incorporated and where it has its principal place of business. (*Sporn v. TransUnion Interactive,*

26   *Inc*. (N.D. Cal. Jan. 10, 2019, No. 18-cv-05424-YGR) 2019 U.S.Dist.LEXIS 4965, at *5.) Under

27   the "nerve center" test, the principal place of business is the state where the "officers direct,

28   ///

DEFENDANT'S NOTICE OF REMOVAL

control, and coordinate" the corporation's activities and where the corporation maintains its

headquarters. As the U.S. Supreme Court explained:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center[.]"

*Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010).

A corporation can only have one "nerve center." *Id.* at 93-94. In evaluating where a

corporation's "nerve center" is located, courts will look to the center of overall direction, control,

and coordination of the company and will no longer weigh corporate functions, assets, or revenues

in each state. *Id.*

Here, Plaintiff admits Defendant TRACTOR SUPPLY COMPANY is citizen of the state

of Tennessee.   See **Exhibit 1**, Compl., ¶ 2.   Further, Defendant TRACTOR SUPPLY

COMPANY is a Delaware corporation with its principal place of business in Brentwood,

Tennessee, where its corporate headquarters and "nerve center" are located. Declaration of Joyce

Walker ("Walker Decl."), ¶ 2. See *Hertz Corp. v. Friend*, *supra* 559 U.S 77 at 92-93. Hence,

Defendant TRACTOR SUPPLY COMPANY is a citizen of Delaware, the state of its

incorporation, and Tennessee, the location of its "nerve center," for diversity purposes.

Defendant TRACTOR SUPPLY COMPANY is not a citizen of the State of California and is

diverse from Plaintiff.

The presence of Doe defendants has no bearing on diversity with respect to removal.

*See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of

the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)], the citizenship of

defendants sued under fictitious names shall be disregarded.") Thus, under 28 U.S.C.

§ 1332(a)(1), there is complete diversity of citizenship between the parties.

## **AMOUNT IN CONTROVERSY**

Without conceding that Plaintiff is entitled to or can recover damages in any amount,

the amount in controversy in this action exceeds $75,000.  In her Complaint, Plaintiff

4        Case No.

DEFENDANT'S NOTICE OF REMOVAL

1    alleges "Plaintiff has been generally damaged in an amount within the jurisdictional limits

2    of this Court in an amount to be determined at trial but believed to be in excess of

3    $1,000,000.00." See **Exhibit 1**, Compl., ¶ 40. Plaintiff also alleges "The amount of Ms.

4    Mekala's damages will be ascertained at trial but are believed to be in excess of $500,000." See

5    **Exhibit 1**, Compl., ¶ 66. Thus, Plaintiff alleges damages that far exceed the jurisdictional

6    amount required for the Court to have original jurisdiction over this matter. *See* 28 USCS

7    § 1332 ("The district courts shall have original jurisdiction of all civil actions where the

8    matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

9    and is between—(1) Citizens of different States....")

10        Plaintiff's Complaint does not specify the total amount of monetary relief she seeks.

11   However, Plaintiff's failure to specify the total amount of monetary relief sought by

12   Plaintiff in the Complaint does not deprive this Court of jurisdiction. *See* 28 U.S.C. §

13   1446(c)(2)(A)-(B) (allowing the Notice of Removal to assert the amount in controversy if

14   the initial pleading seeks non-monetary relief or a money judgment and the State practice

15   does not permit a demand for a specific sum and the District Court finds by a preponderance

16   of the evidence that the amount in controversy exceeds $75,000.00); *Gaus v. Miles, Inc.*,

17   980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is *unclear* what amount of damages the plaintiff

18   has sought…then the defendant bears the burden of actually proving the facts to support

19   jurisdiction, including the jurisdictional amount."); *see also Banta v. Am. Med. Response*

20   *Inc.*, No. CV 11-03586 GAF (RZx), 2011 U.S. Dist. LEXIS 77558, at *3 (C.D. Cal. July

21   15, 2011) ("Case law recognizes that, even where a pleading is indefinite on its face, a

22   defendant may possess sufficient information allowing it to ascertain that the amount in

23   controversy exceeds the jurisdiction minimum, may remove the action to federal court on

24   that basis, and, if challenged, may present evidence to prove up the existence of removal

25   jurisdiction.") A defendant need only establish by a preponderance of the evidence that it

26   is more probable than not that the plaintiff's claimed damages exceed the jurisdictional

27   minimum. *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d

28   ///

DEFENDANT'S NOTICE OF REMOVAL

1    398, 404 (9th Cir. 1997). The notice of removal need not contain evidentiary submissions.

2    *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S., 81, 83 (2014).

3        The amount in controversy may include general and special compensatory damages and

4    attorneys' fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150,

5    1155-56 (9th Cir. 1998).  More specifically, in determining whether a complaint meets the

6    amount in controversy threshold for a removal under 28 U.S.C. § 1332(a), a court may consider

7    the aggregate value of claims for compensatory damages and attorney's fees. *See, e.g., Goldberg*

8    *v. CPC Int'l, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account

9    to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1168

10   (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fees can be

11   considered in determining whether the jurisdictional amount is met.").  The Court may include

12   those attorneys' fees that can be reasonably anticipated at the time of removal, not merely those

13   incurred. *Simmons v. PCR Tech.*, 209 F. Supp 2d 1029, 1035 (N.D. Cal. 2002.); but see *Carranza*

14   *v. Nordstrom, Inc.*, No. EDCV 14-01699 MMM (DTBx), 2014 U.S. Dist. LEXIS 172307,

15   at *62 n.99 (C.D. Cal. Dec. 12, 2014) ("The court agrees with…those courts that have held that

16   only attorneys' fees that have accrued as of the date of removal may be considered in determining

17   whether the jurisdictional amount is at stake.") *c.f. Soriano v. LendingTree, LLC*, No.

18   17-cv-07078-MMC, 2018 U.S. Dist. LEXIS 63924, at *4-6 (N.D. Cal. Apr. 16, 2018) (noting the

19   split amongst the district courts and finding *Simmons v. PCR Tech.*, *supra* and its progeny more

20   convincing); s*ee Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698, 701 (9th Cir. 2007)

21   (affirming district court's order denying remand; finding requisite amount in controversy shown

22   where calculation included "estimate" of attorneys' fees likely to be recovered if plaintiff

23   prevailed).  Further, the Court may examine the nature of the action and the relief sought and

24   may take judicial notice of attorneys' fee awards in similar cases. See, e.g., *Simmons v. PCR*

25   *Tech.*, *supra* 209 F.Supp.2d at 1035 (noting that attorneys' fees in individual employment

26   discrimination cases often exceed damages).

27        In determining whether the amount in controversy exceeds $75,000, the Court must

28   presume that the plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild*

DEFENDANT'S NOTICE OF REMOVAL

1   *Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002); *citing*

2   *Jackson v. Am. Bankers Ins. Co*., 976 F. Supp. 1450, 1454 (S.D. Ala. 197); see also *Burns v.*

3   *Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994)(the amount in controversy analysis

4   presumes "plaintiff prevails on liability"); *Angus v. Shiley Inc.,* 989 F.2d 142, 146

5   (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended

6   claim, but rather by reasonable reading of the value of the rights being litigated"). Further, the

7   argument and facts set forth herein may appropriately be considered in determining whether

8   the jurisdictional amount in controversy is satisfied. *See, e.g., Cohn v. Petsmart, Inc.*, 281 F.3d

9   837, 843, n.1 (9th Cir. 2002) (relying on *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969));

10  *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) ("If his allegations of

11  jurisdictional facts are challenged by his adversary in any appropriate manner, he must support

12  them by competent proof. And where they are not so challenged the court may still insist that

13  the jurisdictional facts be established or the case be dismissed, and for that purpose the court

14  may demand that the party alleging jurisdiction justify his allegations by a preponderance of

15  evidence.")

16      Punitive damages are also included in calculating the amount in controversy. *Davenport*

17  *v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Gibson v. Chrysler*

18  *Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); see also *Aucina v. Amoco Oil Co.*, 871 F.Supp. 332

19  (S.D. Iowa 1994.)

20      Here, Plaintiff seeks recovery: (1) attorneys' fees and costs; (2) payment of general

21  damages according to proof; (3) special damages; (4) compensatory damages; and (5) punitive

22  damages. **Exhibit 1**, Compl., page 14, Prayer for Relief.

23      Defendant has a reasonable, good faith belief that Plaintiff seeks damages in excess of

24  the jurisdictional requirement of $75,000.00, based upon Plaintiff's allegations and Prayer for

25  Relief, for the following reasons:

26          **(a) Compensatory Damages**

27      Plaintiff alleges that she incurred financial losses, including loss of earnings and

28  benefits. **Exhibit 1**, Compl., ¶¶ 66, and 69. The Fair Employment and Housing Act provides

DEFENDANT'S NOTICE OF REMOVAL

1    for an award to successful plaintiffs of back pay from the time of the unlawful adverse action

2    until the date of judgment. *Cloud v. Casey*, 76 Cal.App.4th 895, 907-909 (1999); *see also*

3    *Salas v. Sierra Chemical Co*., 59 Ca1.4th 407, 420 (2014).

4         Defendant TRACTOR SUPPLY COMPANY employed Plaintiff from approximately

5    February 28, 2024 until August 31, 2024. Walker Decl., ¶ 3. At the time Plaintiff last worked

6    for Defendant TRACTOR SUPPLY COMPANY, Plaintiff earned an hourly rate of $28.50

7    per hour, approximately $4,560 per month or $54,720 per year. *See id*, ¶ 4. In addition,

8    Plaintiff was non-exempt and was therefore eligible to receive overtime pay. *Id*. Therefore,

9    based on the above monthly wages, and for the approximately 13 months between Plaintiff's

10   employment separation and the date of this Notice of Removal, Plaintiff's alleged back pay

11   claim is approximately $59,280.

12        Assuming the Court sets this matter for trial 12 months from the date of this Notice of

13   Removal—which would be an unusually short amount of time to litigate this matter—Plaintiff

14   would accrue an additional year of back pay in the approximate amount of $54,720. Combined

15   with Plaintiff's lost wages to date of $59,280, Plaintiff's total claim for back pay would be

16   approximately $114,000. Thus, Plaintiff's claim for back pay alone is sufficient to satisfy the

17   Court's jurisdictional prerequisite. This figure combined with punitive damages and the

18   statutorily prescribed attorneys' fees under FEHA would easily push the total amount of damages

19   beyond $75,000.

20        Further, emotional distress damages awards in wrongful termination actions and

21   actions based on retaliation frequently exceed the $75,000 amount in controversy on their

22   own. A review of jury verdicts in California state courts demonstrates as much. *See, e.g.,*

23   *Jonathan Harris v. OneAmerica News Network, et. al*., No. 37-2018-00033996-CU-OE-CTL,

24   2020 JURY VERDICTS LEXIS 54828 (San Diego Sup. Ct.) (jury awarded $180,000 for past

25   noneconomic damages and $90,000 in future noneconomic damages in retaliation case);

26   *Daryl Woodruff v. Pacific Gas & Electric*, No. CGC 16556125, 2018 Jury Verdicts LEXIS

27   37232 (San Francisco Sup. Ct.) (jury awarded $150,000 for past noneconomic loss, including

28   mental suffering in a retaliation/wrongful termination case); *Debra Loveless v. Kaiser*

8        Case No.

DEFENDANT'S NOTICE OF REMOVAL

*Foundation Health Plan, Inc. et. al.,* No. BC564550, 2018 Jury Verdicts LEXIS 19240 (Los Angeles Sup. Ct.) (jury awarded a combined total of $197,592 for past and future noneconomic damages in a retaliation/wrongful termination case). These awards demonstrate that, for diversity purposes, the value of Plaintiff's alleged emotional distress damages can also exceed the $75,000 amount in controversy requirement.

### (b) Attorneys' Fees

Plaintiff also seeks attorneys' fees. **Exhibit 1**, Compl., ¶ 76. Attorneys' fees are recoverable by the prevailing party under FEHA. *See* Cal. Gov. Code § 12965. Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract. *Galt G/S, supra*, 142 F.3d at 1155-56. Thus, the Court may consider Plaintiff's request for attorneys' fees in assessing the amount in controversy requirement. Given the amounts of the potential damages at issue, Plaintiff's allegations satisfy the jurisdictional prerequisite for the amount in controversy.

For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this action may be removed by Defendant to this Court, pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

In the event the Court questions the propriety of this Notice of Removal, Defendant respectfully requests that the Court issue an Order to Show Cause so that the Defendant may have an opportunity to supplement this Notice by providing a more detailed brief outlining the basis for this Removal.

### JOINDER OF ALL DEFENDANTS

Defendant Tractor Supply Company is the sole defendant named in the Complaint. Accordingly, no additional defendant(s) is required to consent to this removal.

### NOTICE TO PLAINTIFF AND STATE COURT

Promptly after the filing of this Notice of Removal, Defendant will provide written notice of the removal to counsel for Plaintiff and the Clerk of the Superior Court of Solano.

///

///

DEFENDANT'S NOTICE OF REMOVAL

1

## **CONCLUSION**

2          Defendant requests that this Court assume jurisdiction of this entire action and make such

3  further orders as may be required to properly determine this controversy.

4

5  Dated: March 28, 2025                          JACKSON LEWIS P.C.

6

7                                          By: _/s/ Ariel P. Kahn_____
                                              Harold R. Jones
8                                             Ariel P. Kahn
                                              Attorneys for Defendant
9                                             TRACTOR SUPPLY COMPANY

10  4935-4695-6591, v. 1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL

# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TRACTOR SUPPLY CO., and DOE DEFENDANTS 1-25,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DONNA MEKALA, an individual,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* ~~Hall of Justice~~<br><br>~~600 Union Ave~~<br>~~Fairfield, CA 94533~~ ⠀⠀⠀ **Solano Superior Court,**<br>⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀**580 Texas Street**<br>⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀**Fairfield, CA 94533** | CASE NUMBER:<br>*(Número del Caso):*<br><br>CU25-01637 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Haderlein & Kouyoumdjian LLP, Jonathan Haderlein, 700 Flower St., Los Angeles, CA 90017, (818)795-0420

| DATE:<br>*(Fecha)* ⠀⠀ **02/14/2025** | Clerk, by<br>*(Secretario)* ⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀ | , Deputy<br>*(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* TRACTOR SUPPLY CO.

under: ☒ CCP 416.10 (corporation) ⠀⠀⠀⠀⠀⠀⠀ ☐ CCP 416.60 (minor)
⠀⠀⠀⠀⠀☐ CCP 416.20 (defunct corporation) ⠀⠀⠀⠀☐ CCP 416.70 (conservatee)
⠀⠀⠀⠀⠀☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
⠀⠀⠀⠀⠀☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
| --- | --- | --- |

Electronically Submitted on 02/14/2025 02:09 PM

1

**HADERLEIN AND KOUYOUMDJIAN LLP**
Jonathan Haderlein (State Bar No. 336644)

2
jhaderlein@handklaw.com
Krikor Kouyoumdjian (State Bar No. 336148)

3
kkouyoumdjian@handklaw.com
700 S. Flower St., Suite 1000

4
Los Angeles, California 90017
Telephone:     (818) 304-3435

5

Attorneys for Plaintiff

6
Donna Mekala

7

8

9

**ELECTRONICALLY FILED**
Superior Court of California,
County of Solano
**02/14/2025 at 02:09:43 PM**
By: S. McClure, Deputy Clerk
$435

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SOLANO

10

11

DONNA MEKALA, an individual;

12
            Plaintiff,

13
    v.

14
TRACTOR SUPPLY CO., and DOE

15
Defendants 1-25,

16
            Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

Case No.:   CU25-01637

**COMPLAINT FOR DAMAGES**

1.  **HARASSMENT ON THE BASIS OF SEX – CALIFORNIA *GOVERNMENT CODE* § 12940, *et seq.*;**

2.  **RETALIATION IN VIOLATION OF FEHA – CALIFORNIA *GOVERNMENT CODE* § 12940, *et seq.*;**

3.  **RETALIATION IN VIOLATION OF *LABOR CODE* SECTION 1102.5**

4.  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**

5.  **DECLARATORY AND INJUNCTIVE RELIEF UNDER CALIFORNIA *CODE OF CIVIL PROCEDURE* § 1060; CALIFORNIA *GOVERNMENT CODE* §§ 12920 AND 12920, *et seq.***

[DEMAND FOR JURY TRIAL]

1    Plaintiff DONNA MEKALA ("Plaintiff" or "Ms. Mekala") alleges as follows on

2  knowledge as to herself and her own acts, and on information and belief as to all other matters:

3                                              **I.**

4                                         <u>**PARTIES**</u>

5    1.    At all times mentioned herein, Ms. Mekala was a California employee who was

6  employed, jointly employed, and/or "specially employed" by Defendant.  Ms. Mekala is, and at all

7  times mentioned herein was, a resident of the County of Solano, and a citizen of the State of

8  California.

9    2.    At all times mentioned herein, Defendant TRACTOR SUPPLY CO. was a

10  Tennessee Corporation that was registered to do business in the State of California.

11    3.    Each business entity of Defendants TRACTOR SUPPLY CO., and Doe Defendants

12  1-25 whether corporate, partnership, joint venture, unincorporated association, public entity, or

13  other business of unknown form, and whether named or sued by fictitious name, is, and at all

14  times mentioned herein was, in some manner involved in the ownership and/or operation of the

15  business entity defendants herein.  Each of the defendants named in the caption and each Doe

16  Defendant (hereinafter collectively "Defendants"), whether named or sued by fictitious name,

17  whether acting in an individual capacity or within or without their capacity as managerial agent,

18  servant, employee, officer, director, partner, or joint venture of each of the defendants

19  aforementioned, in committing the acts or omissions as alleged herein which resulted in damage to

20  Ms. Mekala, was an agent, employee, and/or partner of the remaining Defendants, including the

21  Doe Defendants, and in doing the things herein alleged was acting within the scope of such

22  agency, employment, and/or partnership and with the permission and consent and/or knowledge,

23  authorization, or ratification of each of the other defendants mentioned above, unless otherwise

24  stated herein.

25    4.    Plaintiff is also informed and believes, and based thereon alleges, that at all times

26  mentioned herein, each Defendant has been an employer and/or joint employer of Plaintiff, and

27  that each Defendant has been the alter ego, partner, joint venturer, joint employer, successor-in-

28  interest, merged entity, acquiring entity, parent corporation, subsidiary, successor of the liability,

---

1  insurer and/or guarantor of each other Defendant, and/or the agent and/or employee of each other

2  Defendant and, in doing the things hereinafter alleged, was acting within the course and scope of

3  such agency and/or employment the permission and consent and/or knowledge, authorization, or

4  ratification of each of the other defendants mentioned above, unless otherwise stated herein.

5       5.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

6  Does 1 through 25, inclusive, and therefore sues these Defendants by such fictitious names.

7  Plaintiff will amend this complaint to allege the true names and capacities of said Defendants

8  when the same has been ascertained.  Plaintiff is informed and believes and thereon alleges that

9  each of the fictitiously named Defendants is responsible in some manner for the acts complained

10  of herein.  Unless otherwise stated, all references to named Defendants shall include the Doe

11  Defendants as well.

12      6.     At all times herein mentioned, TRACTOR SUPPLY CO., and each Doe Defendant

13  were agents, employees and/or partners of the remaining Defendants, including the Doe

14  Defendants, and, in doing the things herein alleged, were acting within the scope of such agency,

15  employment, and/or partnership with the permission, authority, consent of, and/or ratification by

16  its codefendants.

## II.

## <u>VENUE</u>

19      7.     Under the California Fair Employment and Housing Act ("FEHA"), "[a]n action

20  may be brought in any county in the state in which the unlawful practice is alleged to have been

21  committed, in the county in which the records relevant to the practice are maintained and

22  administered, or in the county in which the aggrieved person would have worked…but for the

23  unlawful practice…" California *Government Code* §12965(b).  The unlawful practices giving rise

24  to the claims in this Complaint were committed in the County of Solano, as Plaintiff was

25  employed at Defendant's store in Suisun City, which is within the County of Solano.

26  ///

27  ///

28  ///

---

**PLAINTIFF DONNA MEKALA'S COMPLAINT FOR DAMAGES**

HADERLEIN AND KOUYOUMDJIAN LLP

### III.

### FACTUAL ALLEGATIONS

8.    Plaintiff Donna Mekala began employment as an Assistant Store Manager for Tractor Supply Co. in February 2024.

9.    Ms. Mekala was an experienced store manager, who was promised that she would receive training to ultimately assume the Store Manager position from the current Store Manager, Mr. Ken Ermita. Based on this representation, Ms. Mekala left her prior employment, as a manager at Whole Foods, in order to pursue the Store Manager position with Defendant.

10.    Shortly after she was hired, Mr. Ermita informed Ms. Mekala and her team that construction delays would postpone the store's opening, originally anticipated for April 30, 2024, to potentially May or June.

11.    As a result, employees, including Ms. Mekala, were instructed to report to various other stores. Each of these stores was located between 35 to 50 minutes from Ms. Mekala's home.

12.    During this period, Ms. Mekala and her team were directed to meet at these alternate locations.

13.    As soon as the assignment to other stores began, Ms. Mekala and her team were instructed to change how they clocked in; they were not to include time driving to or between work sites; they were only to clock out for lunches; they were to clock out before closing down the store; and they were to trust Mr. Ermita to manually adjust any missing clock-ins.

14.    As soon as this process began, Ms. Mekala observed that this system limited her ability to verify the accuracy of her recorded hours, and the hours of her team.

15.    Ms. Mekala also knew from her experience at her prior employer that it was ordinary in circumstances such as these to receive mileage reimbursement and drive time compensation.

16.    Ms. Mekala became concerned when no reimbursement was provided to her or to other employees under her care for the extended travel distances required by these temporary assignments.

---

17.    She became additionally concerned with the lack of transparency in how Mr. Ermita was calculating the compensable time for her and her team.

18.    Further issues were raised when Mr. Ermita instructed Ms. Mekala and her team to not clock out when working overtime hours, as he would shift overtime across the work week "to avoid scrutiny from regional management."

19.    Ms. Mekala bravely decided to raise these concerns with a manager at another store.

20.    After raising these concerns with a manager at one of the alternate locations she was working at, a decision was made to provide retroactive back pay and mileage reimbursement to Mekala and her team

21.    Following Mekala's report, Mr. Ermita's attitude towards her markedly changed. He began treating Ms. Mekala in a dismissive, condescending, and hostile manner.

22.    Compliance issues continued to abound. On several occasions, Ms. Mekala observed and was instructed to engage in practices she found to be ethically and legally questionable, including falsifying customer survey results and misclassifying theft losses as "defective" products, so that the stores could obtain reimbursements from vendors. Ms. Mekala again raised these issues with Mr. Ermita, opposing what she reasonably believed were unlawful practices, but he again rebuffed her concerns, stating that his practices were necessary to "maintain performance metrics and avoid potential negative consequences."

23.    Things escalated when Ms. Mekala began experiencing ongoing safety concerns regarding another employee, Mr. Rick Evans ("Mr. Evans"), whose hostile and unpredictable behavior was directed particularly toward female staff members.

24.    Despite repeated reports to Mr. Ermita of Evans' offensive, unwanted, aggressive, and harassing conduct, no corrective action was taken.

25.    These incidents escalated on August 3, 2024, where Mr. Evans forcibly entered Ms. Mekala's locker, damaged her personal belongings, and then abandoned his shift.

26.    When Ms. Mekala informed Mr. Ermita and provided a formal statement about this incident, she was told he would submit her report to HR.

---

PLAINTIFF DONNA MEKALA'S COMPLAINT FOR DAMAGES

4

1    27.    Ms. Mekala made her own report on these on August 6, 2024, providing a detailed

2    account of the hostile environment at work and her recent harassment by Evans.

3    28.    Mr. Evans was neither reprimanded nor terminated.

4    29.    Concerned for her safety, Ms. Mekala took time off, and informed Mr. Ermita that

5    she would wait for a resolution of the safety issue at the store and to be informed as to when she

6    could return.

7    30.    Ms. Mekala was not informed that she would be safe to return. Rather, on August

8    30, 2024, Ms. Mekala received notice of her termination due to "missed shifts." At no point did

9    Defendants provide her any attempts at accommodation of her concerns, or otherwise work to

10    resolve her issues, or inform her that she would be terminated if she did not return to work.

11    31.    As a result of Defendants TRACTOR SUPPLY CO., and/or Does 1-25's foregoing

12    retaliation, and failure to prevent discrimination and harassment, Ms. Mekala has suffered severe

13    emotional distress, including anxiety and depression. Ms. Mekala has trouble sleeping every night

14    and has lost interest in everyday activities.

15                                        **IV.**

16                **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

17    32.    Prior to the initiation of this lawsuit, Ms. Mekala filed a complaint with the

18    California Department of Fair Employment and Housing ("DFEH"), pursuant to § 12900, *et seq.*

19    of the California *Government Code*, alleging that the acts described in this complaint violated the

20    California Fair Employment and Housing Act, California *Government Code* § 12940, *et seq.*

21    ("FEHA"). On February 13, 2025, the DFEH issued a "right to sue" letter, a true and correct copy

22    of which is attached hereto, marked as Exhibit "A," and by this reference incorporated herein. All

23    conditions precedent to the institution of this lawsuit have been fulfilled. This action is filed within

24    one (1) year of the date the DFEH issued its right to sue letter.

25                                        **V.**

26                            **FIRST CAUSE OF ACTION**

27    **HARASSMENT ON THE BASIS OF SEX IN VIOLATION OF FEHA – *GOVERNMENT***

28                            ***CODE* §§ 12940, *et seq.***

**(Against All Defendants)**

33.    Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully alleged herein.

34.    Defendant Tractor Supply Co. is subject to the laws of the State of California and are entities subject to suit under FEHA for sexual harassment in that Defendant is an employer who regularly employs five (5) or more persons.

35.    California Government Code § 12940 makes it illegal for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

36.    Defendant Tractor Supply Co. is strictly liable for Plaintiff being harassed on the basis of her sex, as Plaintiff was harassed by a coworker, who engaged in the numerous acts detailed above, including, but not limited to:

    a.   Making inappropriate comments to Plaintiff as to her sex.

    b.   Making hostile comments to Plaintiff due to her sex;

    c.   Vandalizing Plaintiff's workplace belongings due to her sex;

    d.   Demeaning and otherwise harassing Plaintiff due to her sex.

37.    Plaintiff's sex was a motivating reason for Defendant's employee's harassment of Plaintiff.

38.    As a direct and proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

39.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by the prevailing party in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and costs under California Government Code § 12965(b).

---

1    40.    Plaintiff has been generally damaged in an amount within the jurisdictional limits

2  of this Court in an amount to be determined at trial but believed to be in excess of $1,000,000.00.

3                                                VI.

4                              **SECOND CAUSE OF ACTION**

5    **RETALIATION IN VIOLATION OF FEHA – CALIFORNIA *GOVERNMENT CODE* §**

6                                    **12940, *et seq.***

7              **(Against Defendants TRACTOR SUPPLY CO., and Does 1-25)**

8    41.    Ms. Mekala realleges and incorporates by reference all preceding paragraphs of this

9  Complaint as though fully alleged herein.

10    42.    California *Government Code* § 12940(h) makes it unlawful for an employer to

11  "discharge, expel, or otherwise discriminate against any person because the person has opposed

12  any practices forbidden under this part or because the person has filed a complaint, testified, or

13  assisted in any proceeding under this part."

14    43.    The regulations implementing the anti-retaliation provisions of FEHA make it

15  unlawful for an employer "to demote, suspend, reduce, fail to hire or consider for hire, fail to give

16  equal consideration in making employment decisions, fail to treat impartially in the context of any

17  recommendations for subsequent employment which the employer or other covered entity may

18  make, adversely affect working conditions, or otherwise deny any employment benefit to an

19  individual . . ." in retaliation for any of the protected conduct as set forth in the preceding

20  paragraph.

21    44.    Ms. Mekala's FEHA-protected activities included, but were not limited to, her

22  complaints to Ermita regarding unlawful conduct as described above, and her related complaints to

23  other employees at TRACTOR SUPPLY CO., including the other store manager mentioned

24  above.

25    45.    Defendant TRACTOR SUPPLY CO., and/or Does 1-25 retaliated against Ms.

26  Mekala in violation of California *Government Code* § 12940(h) by conduct including, but not

27  limited to:

28              a.    Harassing her at work;

---

**PLAINTIFF DONNA MEKALA'S COMPLAINT FOR DAMAGES**

HADERLEIN AND KOUYOUMDJIAN LLP

b.     Failing to protect her from sexual harassment and physical threats at works;

c.     Terminating Ms. Mekala's employment; and

d.     Engaging in other conduct as alleged above.

46.     The adverse employment actions, as described above, were done in retaliation for Ms. Mekala engaging in activities protected by FEHA.

47.     As a direct and proximate result of the conduct of the Defendants TRACTOR SUPPLY CO., and/or Does 1-25, and each of them, Ms. Mekala has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Ms. Mekala has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, embarrassment, fright, shock, pain, discomfort, anxiety, mental anguish, and serious and severe emotional distress. The amount of Ms. Mekala's damages will be ascertained at trial but is believed to be in excess of $500,000.

48.     Defendants TRACTOR SUPPLY CO., and/or Does 1-25, acted in a despicable, oppressive, and malicious manner with the express intent of injuring or damaging Ms. Mekala or with conscious disregard of her rights and with the intent to vex, injure, and annoy Ms. Mekala, such as to constitute oppression, fraud, or malice under California *Civil Code* § 3294, thereby entitling Ms. Mekala to punitive and exemplary damages against Defendants TRACTOR SUPPLY CO., and/or Does 1-25 in a sum appropriate to punish and make an example out of Defendants TRACTOR SUPPLY CO., and/or Does 1-25.

49.     The acts of oppression, fraud, or malice were engaged in by employees of Defendants TRACTOR SUPPLY CO., and/or Does 1-25. Each of the foregoing defendant employers had advance knowledge of the unfitness of each employee who acted with malice, oppression, or fraud and employed them with a conscious disregard of the rights or safety of Ms. Mekala, and/or authorized or ratified the wrongful conduct for which an award of punitive damages in sought, and/or was personally guilty of oppression, fraud, or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, or malice was committed by or on the part of an officer, director, or managing agent of each of the corporate employer defendants, thereby entitling Ms. Mekala to punitive and exemplary damages

1  against each defendant in accordance with California *Civil Code* § 3294 in a sum appropriate to

2  punish and make an example of each Defendant.

3      50.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by the

4  prevailing party in an action brought under its provisions. Ms. Mekala has employed and will

5  continue to employ attorneys for the initiation and prosecution of this action. Ms. Mekala has

6  incurred and will continue to incur attorneys' fees and costs herein. Ms. Mekala is entitled to an

7  award of attorneys' fees and costs under California *Government Code* § 12965(b).

8      51.    Ms. Mekala has been generally damaged in an amount within the jurisdictional

9  limits of this Court.

## VII.

### THIRD CAUSE OF ACTION

### RETALIATION IN VIOLATION OF LABOR CODE SECTION 1102.5

### (Against Defendants TRACTOR SUPPLY CO., and Does 1-25)

14     52.    Ms. Mekala realleges and incorporates by reference all preceding paragraphs of this

15  Complaint as though fully alleged herein.

16     53.    Pursuant to *Labor Code* Section 1102.5 (b):

17          "An employer, or any person acting on behalf of the employer, shall not

18          retaliate against an employee for disclosing information, or because the

19          employer believes that the employee disclosed or may disclose

20          information…to a person with authority over the employee or another

21          employee who has the ability to investigate, discover, or correct the violation

22          or non-compliance…if the employee has a reasonable cause to believe that the

23          information discloses a violation of state or federal statute, or a violation of or

24          non-compliance with a local, state, or federal regulation, regardless of whether

25          disclosing the information was part of the employee's job duties."

26     54.    Pursuant to *Labor Code* Section 1102.5(c):

27          "An employer, or any person acting on behalf of the employer, shall not

28          retaliate against an employee for refusing to participate in an activity that

---

**PLAINTIFF DONNA MEKALA'S COMPLAINT FOR DAMAGES**

9

1    would result in a violation of state or federal statute, or a violation of or

2    noncompliance with a local, state, or federal rule or regulation."

3        55.    At all times mentioned herein, Ermita was a "person acting on behalf of the

4    employer," within the meaning of *Labor Code* Section 1102.5.

5        56.    As set forth above, Ms. Mekala disclosed information and conduct, and Ermita

6    believed that Plaintiff had disclosed information and conduct, to persons with authority over Ms.

7    Mekala and/or to others who had the authority to investigate, discover, or correct violations or

8    non-compliance with a state or federal statute, which information and conduct included but was

9    not limited to: Ms. Mekala' complaints throughout 2024 where she complained about illegal

10    conduct, and other conduct described herein.

11        57.    At the time Ms. Mekala disclosed information and made reports regarding Ermita's

12    unlawful conduct, Ms. Mekala had reasonable cause to believe that the information disclosed a

13    violation of state or federal statutes, or a violation of state or federal regulations, including, but not

14    limited to, violations of the FEHA, the California Labor Code, and the regulations issued

15    thereunder.

16        58.    In retaliation for Ms. Mekala' complaints to Ermita regarding unlawful conduct as

17    described above, and her related complaints to other employees at TRACTOR SUPPLY CO.,

18    including the other store manager mentioned above; TRACTOR SUPPLY CO., and DOES 1-25,

19    inclusive, engaged in acts of retaliation toward Ms. Mekala including, but not limited to:

20        a.  Harassing her at work;

21        b.  Failing to protect her from sexual harassment and physical threats at works;

22        c.  Terminating Ms. Mekala's employment; and

23        d.  Engaging in other conduct as alleged above.

24        59.    As a proximate result of the conduct of Defendants TRACTOR SUPPLY CO.,

25    and/or DOES 1-25, and each of them, Ms. Mekala has suffered and will continue to suffer

26    damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary losses according

27    to proof.  Ms. Mekala has also suffered and will continue to suffer physical and emotional injuries,

28    including nervousness, humiliation, depression, anguish, embarrassment, discomfort, and anxiety.

---

**PLAINTIFF DONNA MEKALA'S COMPLAINT FOR DAMAGES**

HADERLEIN AND KOUYOUMDJIAN LLP

1    The amount of Ms. Mekala' damages will be ascertained at trial but are believed to be in excess of

2    $500,000.

3        60.    In committing the foregoing acts, Defendants TRACTOR SUPPLY CO., and/or

4    DOES 1-25 have been guilty of oppression, fraud, or malice under California Civil Code Section

5    3294, thereby entitling Ms. Mekala to punitive damages in a sum appropriate to punish and make

6    an example out of Defendants.

7        61.    The acts of oppression, fraud, or malice were engaged in by employees of

8    Defendants TRACTOR SUPPLY CO., and/or DOES 1-25. Each of the foregoing defendant

9    employers had advance knowledge of the unfitness of each employee who acted with malice,

10    oppression, or fraud and employed him or her with a conscious disregard of the rights or safety of

11    Ms. Mekala and/or authorized or ratified the wrongful conduct for which an award of punitive

12    damages is sought, and/or was personally guilty of oppression, fraud, or malice.  The advance

13    knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, or

14    malice was committed by or on the part of an officer, director, or managing agent of each of the

15    corporate employer defendants, thereby entitling Ms. Mekala to punitive and exemplary damages

16    against each corporate/entity employer defendant in accordance with California Civil Code

17    Section 3294 in a sum appropriate to punish and make an example of each corporate/entity

18    employer defendant

19        62.    The violations of *Labor Code* Section 1102.5(b) and *Labor Code* Section 1102.5(c)

20    by Defendants TRACTOR SUPPLY CO., and DOES 1-25, inclusive, make them "liable for a civil

21    penalty not exceeding $10,000 (ten thousand dollars) for each violation" of Section 1102.5.

22    (*Labor Code* Section 1102.5(f).)

23        63.    The violations of *Labor Code* Section 1102.5(b) and *Labor Code* Section 1102.5(c)

24    by Defendants TRACTOR SUPPLY CO., and DOES 1-25, inclusive, authorize the court to

25    "award reasonable attorney's fees to a plaintiff who brings a successful action for a violation of

26    these provisions." (*Labor Code* Section 1102.5(j).) Plaintiff has employed and will continue to

27    employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will

28    continue to incur attorneys' fees and costs herein.

# VIII.

## FOURTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF THE PUBLIC POLICY OF THE
### STATE OF CALIFORNIA

#### (Against Defendants TRACTOR SUPPLY CO., and Does 1-25)

64.     Ms. Mekala realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully alleged herein.

65.     Defendants TRACTOR SUPPLY CO., and/or Does 1-25 terminated Ms. Mekala, in part or in whole, in retaliation for Ms. Mekala's reporting and opposing unlawful conduct. As a result, Defendants TRACTOR SUPPLY CO. and/or Does 1-25 terminated Ms. Mekala, in part or in whole, in violation of the public policy set forth in FEHA, and the California Labor Code, which both prohibit employers from retaliating against employees for engaging in protected activities such as reporting and opposing unlawful conduct.

66.     As a direct and proximate result of the conduct of Defendants TRACTOR SUPPLY CO., and/or Does 1-25, and each of them, Ms. Mekala has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Ms. Mekala has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Ms. Mekala' damages will be ascertained at trial but are believed to be in excess of $500,000.

67.     In committing the foregoing acts, Defendants TRACTOR SUPPLY CO., and/or Does 1-25 acted in a despicable, oppressive, and malicious manner with the express intent of injuring or damaging Ms. Mekala or with conscious disregard of her rights and with the intent to vex, injure, and annoy Ms. Mekala, such as to constitute oppression, fraud or malice under California *Civil Code* § 3294, thereby entitling Ms. Mekala to punitive and exemplary damages against Defendants in a sum appropriate to punish and make an example of Defendants.

68.     The acts of oppression, fraud, or malice against Ms. Mekala were engaged in by agents of Defendants TRACTOR SUPPLY CO., and/or Does 1-25 who had advance knowledge of

---

1  the unfitness of employees and/or agents, who acted with malice, oppression, or fraud and

2  employed them with a conscious disregard of the rights or safety of Ms. Mekala, and/or authorized

3  or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was

4  personally guilty of oppression, fraud, or malice. The advance knowledge and conscious disregard,

5  authorization, ratification, or act of oppression, fraud, or malice was committed by or on the part

6  of an officer, director, or managing agent of Defendants TRACTOR SUPPLY CO., and/or Does

7  1-25, thereby entitling Ms. Mekala to punitive and exemplary damages against Defendants

8  TRACTOR SUPPLY CO., and/or Does 1-25 in accordance with California *Civil Code* § 3294 in a

9  sum appropriate to punish and make an example of Defendants TRACTOR SUPPLY CO., and/or

10  Does 1-25.

11      69.    Ms. Mekala has been generally damaged in an amount within the jurisdictional

12  limits of this Court.

13                                    **IX.**

14                          **FIFTH CAUSE OF ACTION**

15  **DECLARATORY AND INJUNCTIVE RELIEF UNDER CALIFORNIA *CODE OF CIVIL***

16                          ***PROCEDURE* § 1060;**

17      **CALIFORNIA *GOVERNMENT CODE* §§ 12920 and 12920., *et seq.***

18          **(Against Defendants TRACTOR SUPPLY CO., and Does 1-25)**

19      70.    Ms. Mekala realleges and incorporates by reference all preceding paragraphs of this

20  Complaint as if full alleged herein.

21      71.    An actual controversy exists between Ms. Mekala and Defendants TRACTOR

22  SUPPLY CO., and/or Does 1-25, concerning whether Defendants, and each of them, violated Ms.

23  Mekala's rights under the California Fair Employment and Housing Act, as alleged above. Ms.

24  Mekala seeks an order from the Court condemning Defendants' discriminatory and retaliatory

25  employment policies or practices, as provided by California *Code of Civil Procedure* § 1060.

26      72.    In addition, Ms. Mekala requests the Court grant injunctive relief to stop the

27  retaliatory practices which violate FEHA as provided for in California *Government Code* §§

28  12920 and 12920.5, and the California Supreme Court's decisions in *Harris v. City of Santa*

---

**PLAINTIFF DONNA MEKALA'S COMPLAINT FOR DAMAGES**

13

*Monica*, 56 Cal.4th 203, 234-35 (2013) and *Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal.4th 121, 131-32 (1999).

73.    One of the stated purposes of FEHA is "to provide effective remedies which will eliminate" retaliation. California *Government Code* § 12920.

74.    FEHA authorizes a Court to grant injunctive relief and prospective relief including, but not limited to, cease and desist orders, posting of notices, training of personnel and other similar relief that is intended to correct unlawful employment practices. California *Government Code* § 12926(a).

75.    Upon a determination that Defendants' practices violated Ms. Mekala's rights under the California Fair Employment and Housing Act, Ms. Mekala requests this Court to enter an order enjoining Defendants from engaging in those practices, requiring the posting of notices containing employees' rights and detailing Defendants' violations of FEHA, requiring Defendants to effectively train their personnel in FEHA's proscriptions against retaliation, and requiring Defendants to make periodic reports to the Court to ensure compliance by Defendants, and each of them, with their obligations under FEHA.

76.    Pursuant to California *Government Code* § 12965(b), Ms. Mekala seeks an award from the court of reasonable attorneys' fees and costs incurred in obtaining the declaratory and injunctive relief in this Cause of Action.

WHEREFORE, Ms. Mekala prays for judgment as set forth below.

## **PRAYER**

1.    For general damages, according to proof, on each cause of action for which such damages are available.

2.    For special damages, according to proof, on each cause of action for which such damages are available;

3.    For compensatory damages, according to proof, on each cause of action for which such damages are available;

4.    For punitive damages, according to proof, for each cause of action for which such damages are available;

1       5.     For prejudgment and post-judgment interest according to law;

2       6.     For reasonable attorneys' fees incurred in this action for which such fees are

3              recoverable under the law;

4       7.     For costs of suit incurred in this action;

5       8.     For declaratory and injunctive relief as requested in the Fourth Cause of Action;

6              and

7       9.     For such other and further relief as the Court deems proper and just.

8   Dated: February 14, 2024          HADERLEIN AND KOUYOUMDJIAN LLP

9

10                  By:                             

                                     Jonathan Haderlein

11                                        Krikor Kouyoumdjian

                                     Attorneys for Plaintiff

12                                        Donna Mekala

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

1

## DEMAND FOR JURY TRIAL

2        Plaintiff Donna Mekala hereby demands a trial by jury on all causes of action alleged

3  herein in the Complaint for Damages and Demand for Jury Trial.

4

5

6  Dated:  February 14, 2024             HADERLEIN AND KOUYOUMDJIAN LLP

7

8                     By: _____

                            Jonathan Haderlein

9                           Krikor Kouyoumdjian

                           Attorney for Plaintiff

10                         Donna Mekala

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**PLAINTIFF DONNA MEKALA'S COMPLAINT FOR DAMAGES**

16                                 HADERLEIN AND KOUYOUMDJIAN LLP

Exhibit "A"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 13, 2025

Jonathan Haderlein
700 S. Flower St, Suite 1000
Los Angeles, CA 90017

RE:   **Notice to Complainant's Attorney**
CRD Matter Number: 202502-28137213
Right to Sue: Mekala / Tractor Supply Company

Dear Jonathan Haderlein:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 13, 2025

RE:   **Notice of Filing of Discrimination Complaint**
      CRD Matter Number: 202502-28137213
      Right to Sue: Mekala / Tractor Supply Company

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 13, 2025

Donna Mekala

,

RE:    **Notice of Case Closure and Right to Sue**
       CRD Matter Number: 202502-28137213
       Right to Sue: Mekala / Tractor Supply Company

Dear Donna Mekala:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective February 13, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Donna Mekala

CRD No. 202502-28137213

Complainant,

vs.

Tractor Supply Company
,

Respondents

_____

**1.** Respondent **Tractor Supply Company** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Donna Mekala**, resides in the City of , State of .

**3.** Complainant alleges that on or about **August 30, 2024**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sexual harassment.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment complaint and as a result was terminated, laid off, denied any employment benefit or privilege.

**Additional Complaint Details:** 1.    Plaintiff Donna Mekala began employment as an Assistant Store Manager for Tractor Supply Co. in February 2024.
2.        Ms. Mekala was an experienced store manager, who was promised that she would receive training to ultimately assume the Store Manager position from the current Store Manager, Mr. Ken Ermita. Based on this representation, Ms. Mekala left her prior

-1-
*Complaint – CRD No. 202502-28137213*

Date Filed: February 13, 2025

CRD-ENF 80 RS (Revised 2025/02)

employment, as a manager at Whole Foods, in order to pursue the Store Manager position with Defendant.

3.      Shortly after she was hired, Mr. Ermita informed Ms. Mekala and her team that construction delays would postpone the store's opening, originally anticipated for April 30, 2024, to potentially May or June.

4.      As a result, employees, including Ms. Mekala, were instructed to report to various other stores. Each of these stores was located between 35 to 50 minutes from Ms. Mekala's home.

5.      During this period, Ms. Mekala and her team were directed to meet at these alternate locations.

6.      As soon as the assignment to other stores began, Ms. Mekala and her team were instructed to change how they clocked in: they were not to include time driving to or between work sites; they were only to clock out for lunches; they were to clock out before closing down the store; and they were to trust Mr. Ermita to manually adjust any missing clock-ins.

7.      As soon as this process began, Ms. Mekala observed that this system limited her ability to verify the accuracy of her recorded hours, and the hours of her team.

8.      Ms. Mekala also knew from her experience at her prior employer that it was ordinary in circumstances such as these to receive mileage reimbursement and drive time compensation.

9.      Ms. Mekala became concerned when no reimbursement was provided to her or to other employees under her care for the extended travel distances required by these temporary assignments.

10.     She became additionally concerned with the lack of transparency in how Mr. Ermita was calculating the compensable time for her and her team.

11.     Further issues were raised when Mr. Ermita instructed Ms. Mekala and her team to not clock out when working overtime hours, as he would shift overtime across the work week "to avoid scrutiny from regional management."

12.     Ms. Mekala bravely decided to raise these concerns with a manager at another store.

13.     After raising these concerns with a manager at one of the alternate locations she was working at, a decision was made to provide retroactive back pay and mileage reimbursement to Mekala and her team

14.     Following Mekala's report, Mr. Ermita's attitude towards her markedly changed. He began treating Ms. Mekala in a dismissive, condescending, and hostile manner.

15.     Compliance issues continued to abound. On several occasions, Ms. Mekala observed and was instructed to engage in practices she found to be ethically and legally questionable, including falsifying customer survey results and misclassifying theft losses as "defective" products, so that the stores could obtain reimbursements from vendors. Ms. Mekala again raised these issues with Mr. Ermita, opposing what she reasonably believed were unlawful practices, but he again rebuffed her concerns, stating that his practices were necessary to "maintain performance metrics and avoid potential negative consequences."

16.     Things escalated when Ms. Mekala began experiencing ongoing safety concerns regarding another employee, Mr. Rick Evans ("Mr. Evans"), whose hostile and unpredictable behavior was directed particularly toward female staff members.

17.     Despite repeated reports to Mr. Ermita of Evans' offensive, unwanted, aggressive, and harassing conduct, no corrective action was taken.

-2-

18. These incidents escalated on August 3, 2024, where Mr. Evans forcibly entered Ms. Mekala's locker, damaged her personal belongings, and then abandoned his shift.

19. When Ms. Mekala informed Mr. Ermita and provided a formal statement about this incident, she was told he would submit her report to HR.

20. Ms. Mekala made her own report on these on August 6, 2024, providing a detailed account of the hostile environment at work and her recent harassment by Evans.

21. Mr. Evans was neither reprimanded nor terminated.

22. Concerned for her safety, Ms. Mekala took time off, and informed Mr. Ermita that she would wait for a resolution of the safety issue at the store and to be informed as to when she could return.

23. Ms. Mekala was not informed that she would be safe to return. Rather, on August 30, 2024, Ms. Mekala received notice of her termination due to "missed shifts." At no point did Defendants provide her any attempts at accommodation of her concerns, or otherwise work to resolve her issues, or inform her that she would be terminated if she did not return to work.

24. As a result of Defendants TRACTOR SUPPLY CO., and/or Does 1-25's foregoing retaliation, and failure to prevent discrimination and harassment, Ms. Mekala has suffered severe emotional distress, including anxiety and depression. Ms. Mekala has trouble sleeping every night and has lost interest in everyday activities.

-3-

*Complaint – CRD No. 202502-28137213*

1  VERIFICATION

2  I, **Jonathan Haderlein**, am the **Attorney** in the above-entitled complaint. I have read
   the foregoing complaint and know the contents thereof. The matters alleged are based
3  on information and belief, which I believe to be true. The matters alleged are based
   on information and belief, which I believe to be true.
4

5  On February 13, 2025, I declare under penalty of perjury under the laws of the State
   of California that the foregoing is true and correct.
6

7                                                                            **Los Angeles, CA**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                        -4-
                          *Complaint -- CRD No. 202502-28137213*
27
   Date Filed: February 13, 2025
28
                                                        CRD-ENF 80 RS (Revised 2025/02)

1  Harold R. Jones (State Bar No. 209266)
   Ariel P. Kahn (State Bar No. 351364)
2  JACKSON LEWIS P.C.
   50 California Street, 9th Floor
3  San Francisco, California 94111-4615
   Telephone:  (415) 394-9400
4  Facsimile:  (415) 394-9401
   E-mail:  Harold.Jones@jacksonlewis.com
5  E-mail:  Ariel.Kahn@jacksonlewis.com

6  Attorneys for Defendant
   TRACTOR SUPPLY COMPANY

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF SOLANO

10

11  DONNA MEKALA,                      Case No. CU25-01637

12          Plaintiff,                 **DEFENDANT TRACTOR SUPPLY
                                       COMPANY'S ANSWER TO**
13      v.                             **COMPLAINT**

14  TRACTOR SUPPLY CO.; and DOE
    Defendants 1 through 25,
15                                     Complaint Filed:    2/14/2025
            Defendants.                Removal:            3/28/2025
16

17

18

19          Defendant  Tractor  Supply  Company  ("TSC")  hereby  answers  the  Complaint

20  ("Complaint") filed by Plaintiff Donna Mekala ("Plaintiff") as follows:

21                           **<u>GENERAL DENIAL</u>**

22          Pursuant to Code of Civil Procedure Section 431.30(d), Defendant denies, generally and

23  specifically, each and every allegation contained in Plaintiff's complaint.  Defendant further

24  denies, generally and specifically, that Plaintiff has been injured in any manner alleged, and that

25  Plaintiff is entitled to damages or other relief whatsoever by reason of any act or omission on the

26  part of Defendant.

27  ///

28  ///

1
**AFFIRMATIVE DEFENSES**

2
TSC asserts the following affirmative defenses to Plaintiff's Complaint:

3
**FIRST AFFIRMATIVE DEFENSE**

4
*Binding Arbitration*

5
Plaintiff's Complaint as a whole, and each purported cause of action therein, is subject to

6
binding arbitration. Accordingly, the Court should stay or dismiss this entire action.

7
**SECOND AFFIRMATIVE DEFENSE**

8
*Failure to State Claim*

9
The Complaint as a whole, and each purported cause of action alleged therein, fails to state

10
facts sufficient to constitute a cause of action against TSC.

11
**THIRD AFFIRMATIVE DEFENSE**

12
*Failure to Exhaust*

13
Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the

14
extent that she failed to exhaust administrative and/or judicial remedies.

15
**FOURTH AFFIRMATIVE DEFENSE**

16
*Estoppel*

17
Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the

18
extent that the doctrine of estoppel applies.

19
**FIFTH AFFIRMATIVE DEFENSE**

20
*Laches*

21
Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the

22
extent the doctrine of laches applies.

23
**SIXTH AFFIRMATIVE DEFENSE**

24
*Unclean Hands*

25
Plaintiff is barred from any recovery under Plaintiff's Complaint, or any cause of action

26
alleged therein, to the extent the doctrine of unclean hands applies.

27
///

28
///

1  **SEVENTH AFFIRMATIVE DEFENSE**

2  *Waiver*

3      Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the

4  extent the doctrine of waiver applies.

5  **EIGHTH AFFIRMATIVE DEFENSE**

6  *Breach of Employee Obligation*

7      The Complaint, and each cause of action therein, is barred in whole or in part, by sections

8  2854, 2856, 2858, and 2859 of the California Labor Code, respectively, because Plaintiff failed to:

9  (1) use ordinary care and diligence in the performance of her duties, (2) comply substantively with

10  the reasonable directions of her employer, (3) exercise a reasonable degree of skill in performing

11  her duties, and (4) perform her job duties in a proper and skillful manner.

12  **NINTH AFFIRMATIVE DEFENSE**

13  *Legitimate Business Reasons*

14      Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because

15  any and all actions taken by TSC with respect to Plaintiff were job-related for the position in

16  question, were taken in good faith for legitimate, non-discriminatory and non-retaliatory business

17  reasons, and were consistent with business necessity.

18  **TENTH AFFIRMATIVE DEFENSE**

19  *Scope of Employment*

20      TSC cannot be held liable for any conduct alleged in the Complaint to the extent the

21  individual(s) who allegedly engaged in the conduct against Plaintiff was not acting within the

22  course and scope of their employment or agency.

23  **ELEVENTH AFFIRMATIVE DEFENSE**

24  *Mixed Motive*

25      Plaintiff's Complaint, and each purported cause of action alleged therein, is barred and/or

26  Plaintiff is precluded from any monetary damages because, even assuming, *arguendo*, that the

27  Court or a jury should find that retaliatory reasons were a factor in any employment decision

28  involving Plaintiff (which TSC denies), TSC would have made the same employment decision(s)

DEFENDANT TRACTOR SUPPLY COMPANY'S ANSWER TO COMPLAINT

with regard to Plaintiff in any case for legitimate, non-retaliatory reasons, and the alleged illegal reasons were not a substantial factor in motivating TSC's actions.  *See Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

## TWELFTH AFFIRMATIVE DEFENSE

### *At-Will Employment*

Plaintiff's Fourth Cause of Action for Wrongful termination is barred, in whole or in part, because Plaintiff's employment status was for no specific term and therefore terminable at-will pursuant to California Labor Code § 2922.

## THIRTEENTH AFFIRMATIVE DEFENSE

### *Privilege*

TSC is not liable for Plaintiff's damages, if any, because TSC's conduct was privileged, in that TSC was exercising its legal rights; TSC's conduct was lawful and consistent with community standards; and TSC had a good-faith belief that it had a legal right to engage in the conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

### *Avoidable Consequences/Preventative Remedies*

Plaintiff's Complaint, and each cause of action alleged therein, is barred because, to the extent that any of TSC's actions could be construed as unlawful discrimination, harassment or retaliation, (all of which TSC denies), TSC exercised reasonable care to prevent such conduct and would have taken immediate and appropriate corrective action to remedy and stop any such alleged misconduct if Plaintiff had informed TSC about the alleged misconduct.  Plaintiff, however, failed to utilize the preventative or corrective remedies provided by TSC and failed to otherwise avoid such harm.  Plaintiff's claims are, therefore, barred, in whole or limited in part, by the doctrine of avoidable consequences.

## FIFTEENTH AFFIRMATIVE DEFENSE

### *Worker Compensation*

Plaintiff's purported claims for emotional distress damages are barred because the exclusive remedy for Plaintiff's alleged emotional distress and other injuries, if any, is before the California Workers' Compensation Appeals Board pursuant to the exclusive remedy provisions of

1  the California Workers' Compensation Act (*see* California Labor Code section 3600 *et seq.*).

2  Plaintiff's Complaint alleges an injury compensable under the California Workers' Compensation

3  Act because Plaintiff alleges that his injuries: (1) occurred at a time when Plaintiff and TSC were

4  subject to Labor Code section 3600(a); (2) occurred in the course of and incidental to Plaintiff's

5  employment; and (3) were proximately caused by Plaintiff's employment.

6  **SIXTEENTH AFFIRMATIVE DEFENSE**

7  *Offset*

8  TSC is entitled to an offset for any monies received by Plaintiff from any source in

9  compensation for her alleged economic damages and non-economic damages under the common-

10 law doctrine of offset and under the doctrine prohibiting double recovery set forth in *Witt v.*

11 *Jackson* (1961) 57 Cal.2d 57 and its progeny.

12 **SEVENTEENTH AFFIRMATIVE DEFENSE**

13 *After Acquired Evidence*

14 To the extent TSC obtains through discovery or otherwise after-acquired evidence of

15 wrongdoing by Plaintiff, the Complaint and each purported cause of action alleged therein are

16 barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits

17 and reduces Plaintiff's alleged damages.

18 **EIGHTEENTH AFFIRMATIVE DEFENSE**

19 *Failure to Mitigate*

20 Plaintiff is barred from recovering any damages, or her damages must be reduced, to the

21 extent Plaintiff failed to exercise reasonable diligence to mitigate her alleged damages.

22 **NINETEENTH AFFIRMATIVE DEFENSE**

23 *Unreasonable and Disproportionate Damages*

24 Plaintiff's requests for punitive or exemplary damages violate rights provided under

25 the First, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the U.S. Constitution

26 and under the California Constitution and/or are unconstitutional to the extent any

27 such award for punitive or exemplary damages is unreasonable and disproportionate under *State*

28 *Farm Mutual Auto. Ins. Co. v. Campbell* (2003) 538 U.S. 408 and its progeny.

## TWENTIETH AFFIRMATIVE DEFENSE

### *Privileged, Good Faith & Justified Conduct*

Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part, because Defendant's conduct was privileged and/or justified under California law and for valid business reasons.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### *Substantial Motivating Factor*

Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part, because even assuming that Defendant's actions were motivated in part by an illegal reason, which TSC denies, the illegal reason was not a substantial factor in motivating TSC's actions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### *Conduct Not Ratified*

Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part, because even assuming any employee of Defendant engaged in any discrimination and/or retaliation, or other unlawful conduct toward Plaintiff, which Defendant denies, Defendant neither knew nor reasonably should have known of the unlawful conduct and did not authorize, ratify or consent to any unlawful conduct.

## RESERVATION OF RIGHTS

Because TSC presently does not have sufficient knowledge or information upon which to form a reasonable belief as to whether they may have available additional but as yet unstated defenses and cannot fully anticipate all defenses that may be applicable to this action, TSC hereby reserves the right to assert additional defenses if and to the extent that such defenses are or become applicable.

## PRAYER

WHEREFORE, TSC prays for judgment as follows:

1.      For entry of judgment in favor of TSC and against Plaintiff;

2.      That Plaintiff take nothing by way of the Complaint;

3.     For cost of suit and for reasonable attorneys' fees incurred by TSC; and

4.     For any further relief as the Court deems just and proper.

Dated:  March 27, 2025              JACKSON LEWIS P.C.

By:  _____

Harold R. Jones
Ariel P. Kahn
Attorneys for Defendant
TRACTOR SUPPLY COMPANY

4899-6323-4607, v. 1

DEFENDANT TRACTOR SUPPLY COMPANY'S ANSWER TO COMPLAINT

1

**PROOF OF SERVICE**

2       I, Beth Davis, declare that I am employed with the law firm of Jackson Lewis P.C.,

3    whose address is 50 California Street, 9th Floor, San Francisco, California 94111-4615; I am over

4    the age of eighteen (18) years and am not a party to this action.

5       On March 27, 2025, I served the attached

6

**DEFENDANT TRACTOR SUPPLY COMPANY'S ANSWER TO COMPLAINT**

7

8    in this action as follows:

9    Jonathan Haderlein                                  Attorneys for Plaintiff
     Krikor Kouyoumdjian
10   HADERLEIN AND KOUYOUMDJIAN LLP         ***DONNA MEKALA***
     700 S. Flower St., Suite 1000
11   Los Angeles, California 90017
     Telephone: 818.304.3435
12   Email: jhaderlein@handklaw.com
            kkouyoumdjian@handklaw.com

13

14   [X]  BY ELECTRONIC MAIL:  I transmitted said document(s) by electronic mail from
          beth.davis@jacksonlewis.com to the e-mail addresses indicated.

15

16   [ ]  BY FILE TRANSFER PROTCOL (FTP):  I caused such document to be transmitted via
          Jackson Lewis Secure File Transfer Protcol (FTP)/Biscom link from [your e-mail
17        address] to the e-mail addresses indicated above by written agreement, (e-mail
          12/19/2023 at 10:56 a.m.), wherein counsel for the parties agreed to e-service.
18        C.C.P. §§ 1013(g), 1010.6(B) and CRC rule 2.251.

19       I declare under penalty of perjury, under the laws of the State of California, that the

20   above is true and correct.

21       Executed on March 27, 2025, at San Francisco, California.

22

23                                             _____
                                                        Beth Davis
24   4938-1780-0495, v. 3

25

26

27

28

                                                           Case No. CU25-01637